IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JONATHAN O. HAFEN, in his capacity as court-appointed Receiver, <br><br> Plaintiff, <br><br><br> v. <br><br><br> MARY ANN OLSEN, in her individual capacity; and M.A. OLSEN LLC, a Utah limited liability company, <br><br> Defendants. | **ORDER AND MEMORANDUM DECISION GRANTING MOTION FOR DEFAULT JUDGMENT** <br><br><br> Case No. 2:19-cv-00869-TC <br><br> Judge Tena Campbell |

Before the court is a motion for default judgment (ECF No. 13) filed by Plaintiff

Jonathan O. Hafen, the court-appointed Receiver over the assets of Rust Rare Coin, Inc., Gaylen

Dean Rust, R Legacy Racing Inc., R Legacy Entertainment LLC, and R Legacy Investments

LLC (collectively, the Receivership Defendants).  This action is ancillary to litigation involving

the Receivership Defendants.  See Commodity Futures Trading Comm'n v. Rust Rare Coin,

Case No. 2:18-cv-892.

The Receiver filed this action against Defendants Mary Ann Olsen and M.A. Olsen LLC

on November 6, 2019.  (See Compl., ECF No. 2.)  Because the Defendants waived service, their

answers were due on March 31, 2020.  (See Waiver of Service, ECF No. 5.)  But neither

Defendant filed an answer.  The Receiver moved for entry of default against the Defendants on

November 10, 2023 (ECF No. 9), and the Clerk of Court entered a default certificate on

November 13, 2023 (ECF No. 10).

The Receiver now requests entry of judgment against the Defendants in the total amount of $315,636.89.  This amount includes $214,579.00 in fraudulent and voidable transfers and $101,057.89 in prejudgment interest calculated at the rate of 5% per annum from December 4, 2014, the last date the Defendants received a transfer from Rust Rare Coin.

For the following reasons, the court grants the Receiver's motion.

## LEGAL STANDARD

Entry of a default judgment under Rule 55 of the Federal Rules of Civil Procedure is a two-step process.  See Meyers v. Pfizer, Inc., 581 F. App'x 708, 710 (10th Cir. 2014).  If a defendant fails to timely respond to the complaint after proper service, a plaintiff may request entry of a default by the court clerk, who then decides whether to enter a default.  Id. (citing Fed. R. Civ. P. 55(a)).  "If the clerk enters a default, the plaintiff can ask the court to grant a default judgment."  Id. (citing Fed. R. Civ. P. 55(b)(2)).

A trial court has broad discretion in deciding whether to enter a default judgment. Galloway v. Hadl, No. 07-3016-KHV, 2008 WL 5109758, at *1 (D. Kan. Dec. 2, 2008) (citing Grandbouche v. Clancy, 825 F.2d 1463, 1468 (10th Cir. 1987)).  Furthermore, a plaintiff must establish that the amount of requested damages is reasonable under the circumstances.  DeMarsh v. Tornado Innovations, L.P., No. 08-2588-JWL, 2009 WL 3720180, at *2 (D. Kan. Nov. 4, 2009).  "Damages may be awarded only if the record adequately reflects the basis for [the] award via 'a hearing or a demonstration by detailed affidavits establishing the necessary facts.'"  Id. (quoting Adolph Coors Co. v. Movement Against Racism & the Klan, 777 F.2d 1538, 1544 (11th Cir. 1985)).

2

## ANALYSIS

The Receiver supports his motion with a declaration from Jeffrey T. Shaw, CPA, CFE, CIRA.  (Decl. Jeffrey T. Shaw, Ex. A to Receiver's Mot. Default J., ECF No. 13-1.)  The court has carefully reviewed Mr. Shaw's declaration and supporting exhibits and agrees with his conclusions, a helpful summary of which is included at Exhibit 3 to his declaration.  According to investor statements prepared by Gaylen Rust, in or around 2003 the Defendants made two investments to Rust Rare Coin in the form of metals[1] (maple leafs, or gold bullion coins, and silver) with a total value of $117,950.00.  (See Exs. 4–5 to Shaw Decl.)

From June 2009 to December 2014, the Defendants received investment payments totaling $332,529.00.[2]  As a result, the Defendants received $214,579.00 in excess of their contributions.  The Receiver may appropriately recover this amount as a fraudulent transfer.

Furthermore, the court agrees with the Receiver that prejudgment interest from the last date that an investment payment was made—December 4, 2014—is appropriate here.  The Tenth Circuit has previously upheld the award of prejudgment interest at a rate of 5% per annum to a receiver for a fraudulent transfer claim because prejudgment interest "compensates for the loss of use of the money" and "[u]nder fairness and equity principles, prejudgment interest was proper." Wing v. Gillis, 525 F. App'x 795, 801 (10th Cir. 2013); see also Miller v. Kelley, No. 1:12-cv-

---

[1] Mr. Shaw notes that the Defendants may have contributed cash that was then converted to these metals.  (Shaw Decl. ¶ 11 n.4.)

[2] Most of these payments were in the form of checks.  (See Exs. 8–38 to Shaw Decl.)  The court accepts Mr. Shaw's use of Rust Rare Coin's QuickBooks records for transactions that occurred in 2009, which is prior to the time period for which the Receiver was able to obtain Rust Rare Coin's bank records.  (See Ex. 2 to Shaw Decl.)  The court also agrees with Mr. Shaw that there is a mistake on the investor statement showing an increase rather than a decrease for 300 silver eagles (a type of silver bullion coin) in December 2008.  (See Ex. 6 to Shaw Decl.)  Mr. Shaw has included a receipt showing that Darrick Olsen picked up 300 silver eagles on behalf of Mary Ann Olsen in December 2008.  (Id.)  This transaction for $4,710 is therefore appropriately recorded as an investment payment received by the Defendants.

56, 2014 WL 5437023, at *7 (D. Utah Oct. 27, 2014).  This court has previously awarded

prejudgment interest in ancillary actions to the Rust Rare Coin litigation.  See, e.g., Hafen v.

Howell, No. 2:19-cv-813-TC, 2023 WL 5000944, at *5–7 (D. Utah Aug. 4, 2023).  The court

therefore awards the receiver prejudgment interest at the rate of 5% per annum from December

4, 2014, the last date the Defendants received a transfer from Rust Rare Coin.  This amount totals

$101,057.89.  Post-judgment interest is also recoverable under 28 U.S.C. § 1961(a).

### ORDER

For the foregoing reasons, the court ORDERS as follows:

1.     The Receiver's Motion for Default Judgment (ECF No. 13) is GRANTED.

2.     The court awards the Receiver $315,636.89, an amount that represents

$214,579.00 in fraudulent and voidable transfers and $101,057.89 in prejudgment interest.

3.     The court's judgment shall bear interest calculated from the date of the entry of

the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as

published by the Board of Governors of the Federal Reserve System, for the calendar week

preceding the date of the judgment.  See 28 U.S.C. § 1961(a).

DATED this 21st day of May, 2024.

BY THE COURT:

Tena Campbell
United States District Judge

4